UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. MJ 08-585 |
| ) | |
| v. ) | |
| ) | |
| JAS BINNING, ) | DETENTION ORDER |
| ) | |
| Defendant. ) | |

Offenses charged:

Count 1: Conspiracy to Smuggle, Transport, and Harbor Illegal Aliens, in violation of of 8 U.S.C. §§ 1324(a)(1)(A)(i), 1324(a)(1)(A)(ii), 1324(a)(1)(A)(iii), 1324(a)(1)(A)(v)(I), and 1324(a)(1)(B)(I).

Count 2: Attempt to Smuggle an Alien, in violation of 8 U.S.C. §1324 (a)(1)(A)(I) and 1324 (a)(1)(B)(I).

Counts 3 & 5: Smuggling of an Alien, in violation of 8 U.S.C. §§ 1324(a0(1)(A)(I) and 1324 (a)(1)(B)(i).

Counts 4 & 6: Bringing an Illegal Alien for Financial Gain in violation of 8 U.S.C. § 1324(a)(2)(B)(ii) and 18 U.S.C. § 2.

<u>Detention Hearing</u>: December 30, 2008.

The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds the following:

<u>FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION</u>

(1)  The defendant is a Canadian citizen with no ties to this jurisdiction.

(2)  The defendant retains strong family ties to India, including owning a home in India. The defendant has strong incentive to flee to India, rather than facing the pending charges, and possesses the financial means to do so.

(3)  The evidence in the case against the defendant is strong. While this is the least important of the factors upon which to base a detention decision, the strength of the evidence provides further reason to believe the defendant would fail to appear if released.

(4)  An immigration detainer has been lodged against the defendant.

(5)  There appear to be no conditions or combination of conditions other than detention that will reasonably assure the defendant's appearance at future Court hearings.

IT IS THEREFORE ORDERED:

(1)  Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2)  Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3)  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court

proceeding; and

(4) The clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 30th day of December, 2008.

*[signature: James P. Donohue]*

JAMES P. DONOHUE
United States Magistrate Judge